J. S76002/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ERIC McMULLEN, | : | No. 1025 WDA 2013 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, May 22, 2013,
in the Court of Common Pleas of Allegheny County
Criminal Division at Nos. CP-02-CR-0002118-2008,
CP-02-CR-0017000-2006, CP-02-CR-0018191-2006

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA AND OLSON, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JANUARY 16, 2015**

Eric McMullen appeals from the judgment of sentence of May 22, 2013.

We affirm.

In a prior memorandum, we described the history of this matter as

follows:

> On March 2, 2010, appellant entered a negotiated guilty plea to numerous counts at three different informations, including robbery, aggravated assault, criminal conspiracy, prohibited offensive weapons, and firearms violations.  A charge of criminal attempt to commit homicide was withdrawn in accordance with the plea agreement.  Following a thorough plea colloquy, the trial court imposed the agreed upon sentence of 10 to 20 years' imprisonment.[Footnote 1]
>
> > [Footnote 1] We note that appellant faced a mandatory minimum of 10 years' imprisonment as a second-strike

recidivist violent offender pursuant to 42 Pa.C.S.A. § 9714(a)(1). (Notes of testimony, 3/2/10 at 33-34, 41-42.)

During the plea, appellant stated that he was taking various prescription psychiatric medications. (Notes of testimony, 3/2/10 at 15.) However, appellant assured the court that he was lucid and understood the consequences of pleading guilty. (*Id.*) Appellant testified that his medication did not affect his ability to understand the proceedings and think clearly. (*Id.* at 24.)

On March 8, 2010, appellant filed a timely post-sentence motion to withdraw his guilty plea, asserting that he was unable to understand the proceedings due to his mental health condition. That same date, March 8, 2010, appellant's post-sentence motion was denied and court-appointed counsel was granted permission to withdraw.[Footnote 2] Subsequently, appellant filed a *pro se* motion to withdraw guilty plea on March 22, 2010. According to the criminal docket, this motion was denied on March 31, 2010.[Footnote 3]

> [Footnote 2] Komron Jon Maknoon, Esq., was appointed to represent appellant on December 14, 2009, following the withdrawal of Arnold I. Klein, Esq. Attorney Maknoon entered his appearance on December 23, 2009.

> [Footnote 3] The docket indicates that the March 31, 2010 order cannot be located as of February 1, 2012.

No direct appeal was filed; however, on May 21, 2010, appellant filed a *pro se* PCRA[Footnote 4] petition. Counsel was appointed, and filed an amended petition on appellant's behalf on January 25, 2011, alleging, *inter alia*, that Attorney Maknoon was ineffective for failing to protect appellant's direct appeal rights. By order filed March 2, 2011, appellant's direct appeal rights

were reinstated ***nunc pro tunc***, and appellant filed notice of appeal the same day.

[Footnote 4] Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

***Commonwealth v. McMullen***, No. 422 WDA 2011, unpublished memorandum at 1-3 (Pa.Super. filed July 17, 2012). Among appellant's issues on appeal was whether he was entitled to additional credit for time served from January 7-8, 2008. Appellant was awarded credit time from January 9, 2008; however, apparently he was arrested on January 7, 2008, and remained incarcerated from that date until sentencing. ***Id.*** at 5. The Commonwealth conceded that appellant was owed two additional days of credit time towards his sentence. ***Id.*** at 6. Therefore, we vacated appellant's sentence and remanded with instructions to award two days' additional credit time towards appellant's sentence. ***Id.*** We affirmed in all other respects. ***Id.*** at 1.

On December 27, 2012, our supreme court denied allowance of appeal. ***Commonwealth v. McMullen***, No. 335 WAL 2012 (***per curiam***). On May 22, 2013, appellant appeared for re-sentencing. At that time, appellant requested to withdraw his March 2, 2010 guilty plea. The trial court denied the request and re-imposed the original negotiated sentence of 10 to 20 years' incarceration, plus an additional two days of credit for time served from January 7-8, 2008. (Notes of testimony, 5/22/13 at 20.) This timely appeal followed. Appellant has complied with Pa.R.A.P.,

J. S76002/14

Rule 1925(b), 42 Pa.C.S.A., and the trial court has filed an opinion. Counsel for appellant, Thomas N. Farrell, Esq., has filed a petition to withdraw and accompanying **Anders** brief.[1]

Appellant has raised the following issues for this court's review:

> 1. Did the trial court err in failing to grant the motion to withdraw the guilty plea and applied the wrong standard, when the request was made before sentencing and the Appellant said he was innocent?
>
> 2. Whether the trial court abused its discretion in honoring the plea bargain and not sentencing Appellant to a lesser sentence when he testified against another person charged with criminal homicide and was promised by the police that this information would be brought to the attention of the trial court and probably getting time off his sentence?

Appellant's brief at 5.

Counsel having filed a petition to withdraw, we reiterate that "[w]hen presented with an **Anders** brief, this court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa.Super. 2010), citing **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa.Super. 2007) (**en banc**) (citation omitted).

> In order for counsel to withdraw from an appeal pursuant to **Anders**, certain requirements must be met, and counsel must:

---

[1] **See Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).

- 4 -

(1)   provide a summary of the procedural history and facts, with citations to the record;

(2)   refer to anything in the record that counsel believes arguably supports the appeal;

(3)   set forth counsel's conclusion that the appeal is frivolous; and

(4)   state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.*, quoting *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

Upon review, we find that Attorney Farrell has complied with all of the above requirements. In addition, Attorney Farrell served appellant a copy of the *Anders* brief, and advised him of his right to proceed *pro se* or hire a private attorney to raise any additional points he deemed worthy of this court's review. Appellant has not responded to counsel's motion to withdraw. As we find the requirements of *Anders* and *Santiago* are met, we will proceed to the issues on appeal.

In his first issue on appeal, appellant claims that the more liberal pre-sentencing standard of "any fair and just reason" should apply to his

request to withdraw his guilty plea.[2]  We disagree.  In **Commonwealth v. Muntz**, 630 A.2d 51 (Pa.Super. 1993), we addressed this precise issue.  There, the appellant pled guilty to seven counts of robbery and two counts of simple assault, and was sentenced to an aggregate of 8 to 16 years' incarceration.  **Id.** at 52.  The appellant did not request allowance to withdraw his plea before his original sentencing.  **Id.** at 54.  On appeal, this court vacated the first sentence and remanded the matter to the trial court for re-sentencing.  **Id.** at 52.

At the hearing prior to re-sentencing, the appellant requested permission to withdraw his guilty plea.  **Id.**  The trial court denied the request and imposed a new sentence of 6 to 12 years followed by 4 years of probation.  **Id.**  On appeal, as in the instant case, the appellant argued that his request to withdraw his guilty plea should have been considered as a pre-sentence motion for withdrawal.  **Id.** at 53.  This court disagreed, stating,

> here, appellant petitioned to withdraw his guilty plea only after sentence had been imposed for the first time.  Even though appellant made his request before his resentencing, this does not negate the fact that appellant failed to request allowance to withdraw his plea before his original sentencing.  Therefore, appellant's request falls under the scrutiny of post-sentencing standard of "manifest

---

[2] As explained further **infra**, in our prior memorandum, this court remanded for a correction of appellant's sentence, not for appellant to revive his previously denied motion to withdraw guilty plea.  However, as this is an **Anders** case, we will review the issue.

> injustice" rather than the pre-sentencing standard of "fair and just reason."

*Id.* at 54 (footnote omitted).

Similarly, here, appellant did not request to withdraw his guilty plea until after his original sentencing. Therefore, appellant must demonstrate prejudice on the order of a manifest injustice.

"When considering a petition to withdraw a plea submitted to a trial court after sentencing, it is well-established that a showing of prejudice on the order of <u>manifest injustice</u> is required before withdrawal is properly justified." ***Commonwealth v. Byrne***, 833 A.2d 729, 737 (Pa.Super. 2003), quoting ***Commonwealth v. Johns***, 812 A.2d 1260, 1261 (Pa.Super. 2002) (emphasis in original).

> The standard for withdrawal of a guilty plea after imposition of sentence is much higher [than the standard applicable to a presentence motion to withdraw]; a showing of prejudice on the order of manifest injustice is required before withdrawal is properly justified. A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently.

*Id.*, quoting ***Commonwealth v. Muhammad***, 794 A.2d 378, 383 (Pa.Super. 2002) (citations and internal quotation marks omitted).

> A showing of manifest injustice is required after imposition of sentence since, at this stage of the proceeding, permitting the liberal standard enunciated in [the presentence setting] might encourage the entrance of a plea as a 'sentence testing device.' We note that disappointment by a defendant in the sentence actually imposed does not represent manifest injustice.

*Id.* (citations omitted).

Here, appellant falls well short of such a showing. As stated above, the trial court conducted a thorough and probing plea colloquy on March 2, 2010, establishing that appellant was entering the plea knowingly, intelligently, and voluntarily. Appellant's assertions of actual innocence directly contradict his statements during the plea colloquy. (**See** notes of testimony, 3/2/10 at 24 ("Are you pleading guilty to these Informations and to these charges because you're in fact guilty? THE DEFENDANT: Yes."). **See Commonwealth v. Stork**, 737 A.2d 789, 790-791 (Pa.Super. 1999), **appeal denied**, 764 A.2d 1068 (Pa. 2000) ("A defendant is bound by the statements he makes during his plea colloquy, and may not assert grounds for withdrawing the plea that contradict statements made when he pled."), citing **Commonwealth v. Lewis**, 708 A.2d 497 (Pa.Super. 1998). While appellant may be disappointed with his sentence, this does not constitute a "manifest injustice" permitting appellant to withdraw his plea. **Byrne**, **supra**.

In his second issue on appeal, appellant claims that the trial court abused its discretion in re-imposing the agreed upon sentence of 10 to 20 years' incarceration. Appellant argues that the trial court should have taken into account his cooperation in an unrelated homicide case and imposed a lesser sentence. According to appellant, the police promised him

time off his sentence in exchange for his truthful testimony in that case. (Notes of testimony, 5/22/13 at 6-7.)

Before addressing the merits of this claim, we note that according to counsel, it is superfluous to include a Rule 2119(f)[3] statement in an *Anders* brief because under *Santiago*, *supra*, counsel is required to explain why the appeal is frivolous. (Appellant's brief at 26-27.) Therefore, including a Rule 2119(f) statement explaining why there is a substantial question as to the appropriateness of the sentence imposed would work at cross-purposes with counsel's responsibilities under *Santiago*. (*Id.*) We acknowledge counsel's dilemma, however, it is established that even in the *Anders* context, the Rule 2119(f) statement is required with respect to discretionary sentencing challenges. *Commonwealth v. Wilson*, 578 A.2d 523, 525 (Pa.Super. 1990). Nevertheless, because this court has a duty to independently review the record to determine whether, in fact, the appeal is wholly frivolous, we will examine the merits of the issue. *Id.*;

---

[3] Pa.R.A.P. 2119(f) states:

> **(f) Discretionary aspects of sentence.** An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence.

***Commonwealth v. Lilley***, 978 A.2d 995, 998 (Pa.Super. 2009) (***Anders*** requires review of issues otherwise waived on appeal).

First, we observe that although we remanded for re-sentencing for the award of an additional two days of credit time, we affirmed in all other respects. ***McMullen***, ***supra*** at 1. We characterized the purpose of remand as "for modification of sentence." ***Id.*** Reading the memorandum as a whole, it seems clear that it was not our intention to remand for re-sentencing to a new sentence but rather for a sentencing correction.[4] Appellant's negotiated sentence of 10 to 20 years, following a thorough and complete guilty plea colloquy, stands. As such, this is not truly a discretionary aspects of sentencing challenge.

Second, the crux of appellant's argument, that the trial court, on remand, should have considered his cooperation with authorities in an unrelated homicide trial, misses the mark where his testimony in that case occurred after his original sentencing. As the assistant district attorney explained,

> The most that I thought his testimony could ever do to assist [appellant] was perhaps to assist him in parole. That if the Parole Board knew that he had cooperated in a homicide or reached out and testified that maybe he could get paroled at his minimum, but he had been sentenced already and I was under the impression that was, you know, not something that was going to change. Although I wasn't party to the conversations that [appellant] had with either Detectives Leheny, Smith, or Evans.

---

[4] In fact, this author also wrote the prior memorandum.

Notes of testimony, 5/22/13 at 11-12. The trial court did not abuse its discretion in re-sentencing appellant to the bargained for sentence of 10 to 20 years, with the additional two days' credit for time served as directed by this court. There is no merit here.

For the reasons discussed above, we determine that appellant's issues on appeal are wholly frivolous and without merit. Furthermore, after our own independent review of the record, we are unable to discern any additional issues of arguable merit. Therefore, we will grant Attorney Farrell's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/16/2015