J-S78037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA

v.

RICHARD SLIDER

Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 587 WDA 2016

Appeal from the Judgment of Sentence April 5, 2016
in the Court of Common Pleas of Erie County Criminal Division
at No(s): CP-25-CR-0002332-2015

BEFORE: BENDER, P.J.E., OTT, J., and FITZGERALD,[*] J.

MEMORANDUM BY FITZGERALD, J.:        FILED: October 14, 2016

Appellant, Richard Slider, appeals from the judgment of sentence entered in the Erie County Court of Common Pleas following his guilty plea to retail theft.[1]  Appellant's counsel, Tina M. Fryling, Esq., has filed a petition to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981).  Counsel's brief presents the sole issue of whether Appellant's plea was invalid due to his lack of representation by counsel.  We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows. On July 6, 2015, Appellant stole a mountain bike, valued at $179, from a

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3929(a)(1).  The offense was graded as a misdemeanor of the second degree.  ***See id.*** § 3929(b)(1)(ii).

Walmart in Erie. Appellant appeared *pro se* at his guilty plea proceeding on February 16, 2016. Following an on-the-record colloquy and Appellant's signing a statement waiving his right to counsel, Appellant pled guilty to retail theft. On April 5, 2016, Appellant again waived his right to counsel and appeared *pro se* at sentencing, at which the court imposed a sentence of two to twenty-three-and-one-half months' imprisonment. On April 12, 2016, Appellant filed a *pro se* motion to withdraw his guilty plea,[2] as well as a request for the appointment of counsel. The court denied Appellant's motion the following day, but appointed the Erie County Public Defender's Office to represent Appellant. Appellant timely filed a notice of appeal on April 25, 2016. The court ordered Appellant on April 26, 2016, to file a concise statement of errors complained of on appeal, and counsel timely filed a statement of intent to file an **Anders** brief.

Counsel filed an **Anders** brief and a petition for leave to withdraw with this Court. As a prefatory matter, we examine whether counsel complied with the requirements of **Anders** and **McClendon**, as clarified by the

---

[2] In **Commonwealth v. Lincoln**, 72 A.3d 606 (Pa. Super. 2013), this Court opined:

> A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i).

**Id.** at 609–10.

J-S78037-16

Pennsylvania Supreme Court in **Commonwealth v. Santiago**, 978 A.2d

349 (Pa. 2009).

> This Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant].
>
> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:
>
> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's reasons for concluding that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> **Santiago**, 978 A.2d at 361. Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief."

**Commonwealth v. Orellana**, 86 A.3d 877, 879-80 (Pa. Super. 2014)

(some citations omitted). If counsel complies with these requirements, "we

will make a full examination of the proceedings in the lower court and render

an independent judgment [as to] whether the appeal is in fact 'frivolous.'"
*Id.* at 882 n.7 (citation omitted).

Instantly, counsel provided a factual and procedural summary of the case with citations to the record. *Anders* Brief at 2. Counsel explained the relevant law, discussed why Appellant's issue is meritless, and determined the appeal is frivolous. *Id.* at 2-4. Counsel provided Appellant with a copy of the *Anders* brief and a letter advising Appellant of his right to retain new counsel, proceed *pro se*, and raise additional issues in this Court. *See Orellana*, 86 A.3d at 879-80; Counsel's Pet. to Withdraw, 8/5/16. In light of the foregoing, we hold counsel has complied with the requirements of *Santiago*. *See Orellana*, 86 A.3d at 879-80. Appellant has not filed a *pro se* or counseled brief. We now examine the record to determine whether the appeal is wholly frivolous. *See id.* at 882 n.7.

The *Anders* brief raises the following issue for our review: whether Appellant's plea was "invalid based on the fact that he was unrepresented by counsel when he entered his plea[.]" *Anders* Brief at 1. Following a review of the record, counsel determined Appellant knowingly waived his right to counsel and entered his guilty plea. *Id.* at 3-4.

In *Commonwealth v. Muntz*, 630 A.2d 51 (Pa. Super. 1993), this court opined:

> A significant distinction exists between a pre-sentence request to withdraw a guilty plea and a post-sentence request to do so.

The standard for allowing withdrawal of a guilty plea prior to sentence was articulated in **Commonwealth v. Forbes**, [ ] 299 A.2d 268, 271 ([Pa.] 1973) wherein we quoted with approval the following:

Before sentence, the court in its discretion may allow the defendant to withdraw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea. Because the plea involves the simultaneous waiver of so many constitutional rights, a request to withdraw prior to sentencing is liberally allowed.

When considering a petition to withdraw a guilty plea submitted to a trial court after sentencing, however, it is well-established that a showing of prejudice on the order of manifest injustice, is required before withdrawal is properly justified. Post-sentencing attempts to withdraw a guilty plea must sustain this more substantial burden because of the recognition that a plea withdrawal can be used as a sentence-testing device. If a plea of guilty could be retracted with ease after sentencing, the accused might be encouraged to plea[d] guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe.

**Id.** at 53 (some citations and quotation marks omitted).

In **Commonwealth v. Muhammad**, 794 A.2d 378 (Pa. Super. 2002),

this Court held that:

to establish manifest injustice, [the defendant] must show that his plea was entered in an involuntary, unknowing, or unintelligent manner. To ascertain whether [the defendant] acted in such manner, we must examine the guilty plea colloquy. The colloquy must inquire into the following areas: (1) the nature of the charges; (2) the factual basis of the plea; (3) the right to trial by jury; (4) the presumption of innocence; (5) the permissible range of sentences; and (6) the judge's authority to depart from any recommended sentence. This Court evaluates the

- 5 -

adequacy of the guilty plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea.

*Id.* at 383–84 (citations and quotation marks omitted).

Moreover,

A criminal defendant's right to counsel under the Sixth Amendment includes the concomitant right to waive counsel's assistance and proceed to represent oneself at criminal proceedings. *Faretta v. California*, 422 U.S. 806 [ ] (1975). The right to appear *pro se* is guaranteed as long as the defendant understands the nature of his choice. In Pennsylvania, Rule of Criminal Procedure 121 sets out a framework for inquiry into a defendant's request for self-representation. Pa.R.Crim.P. 121. Where a defendant knowingly, voluntarily, and intelligently seeks to waive his right to counsel, the trial court, in keeping with *Faretta*, must allow the individual to proceed *pro se*. *See Commonwealth v. Starr*, [ ] 664 A.2d 1326, 1335 ([Pa.] 1995) (holding that a defendant must demonstrate a knowing waiver under *Faretta*). *See also Commonwealth v. McDonough*, [ ] 812 A.2d 504, 508 ([Pa.] 2002) (concluding that *Faretta* requires an on-the-record colloquy in satisfaction of Pa.R.Crim.P. 121, which colloquy may be conducted by the court, the prosecutor, or defense counsel.)[.]

*Commonwealth v. El*, 977 A.2d 1158, 1162-63 (Pa. 2009) (some citations and footnotes omitted).

Pa.R.Crim.P. 121(A) provides in pertinent part:

(2) To ensure that the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent, the judge or issuing authority, at a minimum, shall elicit the following information from the defendant:

(a) that the defendant understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;

      (b)   that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;

      (c)   that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;

      (d)   that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;

      (e)   that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and

      (f)   that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

Pa.R.Crim.P. 121(A)(2)(a)-(f).

Here, prior to Appellant's entry of his guilty plea, the Commonwealth read to him, *inter alia*, a defendant's rights concerning representation by counsel:

> [Commonwealth]: Now, if you're here representing yourself, there's a right to counsel waiver form. . . . But you have to fill this out if you're going to enter a guilty plea. Essentially it's saying you know you have the right to an attorney, the right to a free attorney if you could not afford one and you qualified with the Public Defender's Office, but for whatever reason you are giving up your right to an attorney just for today's proceedings and today's proceedings only.

If, for whatever reason, there's another proceeding in your case and you wish to hire an attorney or apply with the Public Defender, you would have the opportunity to do so. But for today's purposes if you're representing yourself, we're going to have a right to counsel waiver form for you to fill out.

The correct answers, just so you know, one through nine are "yes." Question ten is asking if anybody is forcing you or pressuring you to proceed without an attorney, and that should be "no."

\* \* \*

So now that I've went over that, . . . you have been charged with crimes, you've received Criminal Informations, you've had the opportunity to go over that with an attorney if you've chose to hire an attorney or qualify for the Public Defender's Office, and then you must understand that when you sign a Statement of Understanding of Rights Prior to Entering a Guilty Plea that you're signing it knowingly, voluntarily, and intelligently without any pressure or promise that's not reflected in the four corners of this document. You must understand that when you sign this. Okay?

N.T. Plea, 2/16/16, at 3-5.

The Commonwealth then went on to colloquy Appellant regarding his

guilty plea:

[Commonwealth]: . . . Now, [Appellant], you were present when I went over the rights you have and you give up when you enter a guilty plea; is that correct?

[Appellant]: Yes, sir.

[Commonwealth]: Did you understand those rights?

[Appellant]: Yes, sir.

[Commonwealth]: Okay. Here at Count 1 you face up to $5,000 in fines and two years of incarceration. Is that

your understanding of the maximum penalty that can be imposed by pleading guilty today?

[Appellant]: Yes, sir.

[Commonwealth]: And then the terms of the plea are that you will plead guilty as charged, is that your understanding as well?

[Appellant]: Yes, sir.

[Commonwealth]: Do you have any other questions regarding these rights?

[Appellant]: No, sir.

[Commonwealth]: Okay. And for the record, you have correctly filled out your right to counsel waiver form. And is anybody forcing you or pressuring you to proceed without an attorney today?

[Appellant]: No, sir.

[Commonwealth]: Does the [c]ourt accept his waiver, first of all?

The Court: The [c]ourt hereby finds that he's voluntarily, knowingly, and understandingly waived his right to counsel.

*Id.* at 9-10.

In addition to his colloquy, Appellant completed and signed a "Statement of Understanding of Rights" before entering his guilty plea. In this Statement, Appellant acknowledged that he had a right to an attorney, including one free of charge, and that he was waiving his right to counsel during plea proceedings. Therefore, Appellant knowingly, voluntarily, and intelligently waived his right to counsel when he entered his guilty plea. ***See***

*EI*, 977 A.2d at 1162-63. Thus, Appellant cannot show prejudice on the order of manifest injustice, which is required to justify the withdrawal of a guilty plea after sentencing. *See Muhammad*, 794 A.2d at 383-84; *Muntz*, 630 A.2d at 53.

Our independent review of the record reveals no other issues of arguable merit. *See Orellana*, 86 A.3d at 882 n.7. Accordingly, we grant counsel's petition for leave to withdraw and affirm the judgment of sentence.

Counsel's petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2016