J-S59042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA

v.

RUDOLPH FIELDS

Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 22 EDA 2016

Appeal from the Judgment of Sentence March 20, 2015
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-CR-1102011-2003
CP-51-CR-1102231-2003

BEFORE: BENDER, P.J.E., OLSON, J., and FITZGERALD,[*] J.

MEMORANDUM BY FITZGERALD, J.:                    **FILED OCTOBER 19, 2016**

Appellant, Rudolph Fields, appeals *nunc pro tunc* from the judgment of

sentence entered in the Philadelphia County Court of Common Pleas.

Appellant contends that his guilty plea was involuntary. Appellant's counsel,

Stephen T. O'Hanlon, Esq., has filed a petition to withdraw pursuant to

***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v.***

***McClendon***, 434 A.2d 1185 (Pa. 1981). We affirm and grant counsel's

petition to withdraw.

A prior panel of this Court summarized the facts of this case as

follows:

> On February 8, 1993, [A]ppellant pled guilty to rape
> and burglary, and was sentenced to an aggregate term of
> 4 to 10 years imprisonment. On December 26, 2002, a

---

[*] Former Justice specially assigned to the Superior Court.

few weeks after his release from prison, [A]ppellant forced his way into the victim's apartment, repeatedly punched her in the head, and threatened to hurt her if she cried or made noise. Appellant then made the victim give him the contents of her wallet and proceeded to rape her and force her to perform oral sex on him. After the rape, [A]ppellant ordered [the victim] to take a shower, during which he inserted his finger and a washcloth into the victim's vagina in an attempt to remove and destroy any evidence of the sexual assault. After again threatening the victim not to call the police, [A]ppellant fled in her vehicle.

*Commonwealth v. Fields*, 2636 EDA 2005 at 2 (Pa. Super. Sept. 14, 2006) (unpublished memorandum).

On August 5, 2005, Appellant was sentenced to forty-five and one-half to ninety-one years' imprisonment following his guilty plea[1] to rape,[2] involuntary deviate sexual intercourse,[3] robbery,[4] aggravated indecent assault,[5] burglary,[6] terroristic threats,[7] unlawful restraint,[8] and failure to

---

[1] A guilty plea colloquy was held on April 19, 2005.

[2] 18 Pa.C.S. § 3121.

[3] 18 Pa.C.S. § 3123.

[4] 18 Pa.C.S. § 3701.

[5] 18 Pa.C.S. § 3125.

[6] 18 Pa.C.S. § 3502.

[7] 18 Pa.C.S. § 2706.

[8] 18 Pa.C.S. § 2902.

J-S59042-16

comply with the reporting requirements of Megan's Law.[9] Appellant appealed and this Court affirmed the judgment of sentence. *Id.* The Pennsylvania Supreme Court denied his petition for allowance of appeal. *Commonwealth v. Fields*, 918 A.2d 742 (Pa. 2007).

Appellant filed a *pro se* Post Conviction Relief Act[10] ("PCRA") petition. Counsel was appointed and filed an amended PCRA. The PCRA court dismissed the petition on January 20, 2009. Subsequently, the court reinstated Appellant's right to file an appeal *nunc pro tunc*. This Court vacated and remanded for resentencing. *Commonwealth v. Fields*, 3075 EDA 2009 (Pa. Super. Apr. 28, 2011) (unpublished memorandum).

The Commonwealth filed a petition for allowance of appeal. On December 31, 2014, the Pennsylvania Supreme Court granted the petition and remanded the case for reinstatement of Appellant's original judgment of sentence. *Commonwealth v. Fields*, 107 A.3d 738 (Pa. 2014).[11] On

---

[9] 42 Pa.C.S. §§ 9791-9799. *See* 42 Pa.C.S. § 9799.41 (enumerating the sections of the statute that have expired as of December 20, 2012, replaced by the Sex Offender Registration and Notification Act ("SORNA")).

[10] 42 Pa.C.S. §§ 9541-9546.

[11] The Supreme Court held

> that Section 9714(a)(1) of the Sentencing Code, 42 Pa.C.S. § 9714(a)(1), requires that a second-strike offender be sentenced to the prescribed minimum term of incarceration for each conviction of a crime of violence that is part of the second strike. Because this is what the common pleas court did, the Superior Court's order is

- 3 -

March 20, 2015, the trial court reinstated Appellant's original sentence. Appellant filed a petition to withdraw his guilty plea on March 30, 2015.[12] The trial court denied the motion to withdraw the guilty plea on April 27, 2015.

On November 2, 2015, counsel filed an amended PCRA petition[13] requesting reinstatement of his direct appeal rights *nunc pro tunc*. Appellant contended that he was represented during resentencing and he requested counsel to file a direct appeal. Amended PCRA Pet. Requesting Reinstatement of Appellate Rights *Nunc Pro Tunc*, 11/2/15, at 3. On December 21, 2015, the PCRA court granted him leave to file a notice of

---

reversed and the matter is remanded for reinstatement of Appellee's judgment of sentence.

**Fields**, 107 A.3d at 744–45.

[12] In **Commonwealth v. Lincoln**, 72 A.3d 606 (Pa. Super. 2013), this Court opined:

A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i).

**Id.** at 609–10.

[13] **See generally Commonwealth v. Eller**, 807 A.2d 838, 839 (Pa. 2002) (holding where counsel failed to file requested direct appeal, "appellant was not entitled to pursue reinstatement of his appellate rights *nunc pro tunc* outside the PCRA").

direct appeal *nunc pro tunc* to this Court.[14]   Appellant filed a notice of appeal

*nunc pro tunc* on December 24, 2015.   Appellant was not ordered to file a

Pa.R.A.P. 1925(b) statement of errors complained of on appeal.   Appellant

contends his guilty plea was not knowing, intelligent, and voluntary.[15]

Counsel filed an **Anders** petition and brief with this Court.   As a

prefatory matter, we examine whether counsel complied with the

requirements of **Anders**, **supra**, and **McClendon**, **supra**, as clarified by the

Pennsylvania Supreme Court in **Commonwealth v. Santiago**, 978 A.2d

349 (Pa. 2009).

> Neither **Anders** nor **McClendon** requires that counsel's
> brief provide an argument of any sort, let alone the type of
> argument that counsel develops in a merits brief.   To
> repeat, what the brief must provide under **Anders** are
> references to anything in the record that might arguably
> support the appeal.   Indeed, we have recognized and
> emphasized the difference between an **Anders** brief, which

---

[14] We note that "reinstatement of direct appeal rights *nunc pro tunc* denotes that the appellant now has the same direct appeal rights as he would have had in the beginning." **Commonwealth v. Wright**, 846 A.2d 730, 735 (Pa. Super. 2004).   Furthermore, the "'clock' is reset only where direct appeal rights are restored or original conviction is disturbed[.]" **Commonwealth v. McKeever**, 947 A.2d 782, 786 (Pa. Super. 2008).

[15] Notwithstanding the fact that the trial court restored Appellant's direct appeal rights *nunc pro tunc*, the court addressed Appellant's claim "[i]n the context of a PCRA claim . . . ."   Trial Ct. Op., 3/1/16, at 5.   The trial court found that counsel "was not ineffective for failing to perfect an appeal to the Superior Court following the reinstatement of [Appellant's] original sentence on March 20, 2015 . . . ."   **Id.** at 7.   Additionally, the court avers that the appeal should be quashed.   **Id.**   "[A]n appellate court has the ability to affirm a valid judgment or verdict for any reason appearing as of record." **Commonwealth v. Parker**, 919 A.2d 943, 948 (Pa. 2007).

offers an issue for a court's consideration, but reflects counsel's candid assessment of the complete lack of merit in his client's case, and a merits brief, which implies that an issue is worthy of review and has some chance of succeeding. *See Smith* [*v. Pennsylvania Bd. of Prob. & Parole*, 574 A.2d 558, 564 (Pa. 1990)] ("By filing an *Anders* brief, a lawyer does not advocate arguments he believes are 'wholly frivolous'; rather, he presents them for the court's confirmation of his belief.").

*Id.* at 359–60 (some citations omitted).

"When faced with a purported *Anders* brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." *Commonwealth v. Wimbush*, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted).

[I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Instantly, counsel's application for leave to withdraw and appellate brief comply with the technical requirements of *Anders* and *Santiago*. *See id.* The brief sets forth a plea issue, cites relevant legal authority, and concludes the appeal is frivolous. *See id.* The record also establishes Appellant was served a copy of the brief and application, which advised him

of the right to retain new counsel, or proceed *pro se* and raise additional issues to this Court. **See id.**

Once the requirements attendant to counsel's request to withdraw are satisfied, a reviewing court will examine the proceedings and render an independent judgment on whether the appeal is in fact wholly frivolous. **Wimbush**, 951 A.2d at 382.

The **Anders** brief raises the following issue for our review: whether there was "manifest injustice associated with the ruling not to allow Appellant to withdraw his guilty plea." Appellant's Brief at 8. Following his review of the record, counsel concludes Appellant entered his guilty plea knowingly, intelligently, and voluntarily. **Id.**

In **Commonwealth v. Muntz**, 630 A.2d 51 (Pa. Super. 1993), this court opined:

> A significant distinction exists between a pre-sentence request to withdraw a guilty plea and a post-sentence request to do so.
>
> The standard for allowing withdrawal of a guilty plea prior to sentence was articulated in **Commonwealth v. Forbes**, [ ] 299 A.2d 268, 271 ([Pa.] 1973) wherein we quoted with approval the following:
>
> Before sentence, the court in its discretion may allow the defendant to withdraw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea. Because the plea involves the simultaneous waiver of so many constitutional rights, a request to withdraw prior to sentencing is liberally allowed.

> When considering a petition to withdraw a guilty plea submitted to a trial court after sentencing, however, it is well-established that a showing of prejudice on the order of manifest injustice, is required before withdrawal is properly justified. Post-sentencing attempts to withdraw a guilty plea must sustain this more substantial burden because of the recognition that a plea withdrawal can be used as a sentence-testing device. If a plea of guilty could be retracted with ease after sentencing, the accused might be encouraged to plea[d] guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe.

*Id.* at 53 (quotation marks and some citations omitted).

In *Commonwealth v. Muhammad*, 794 A.2d 378 (Pa. Super. 2002), this court held that

> to establish manifest injustice, [the defendant] must show that his plea was entered in an involuntary, unknowing, or unintelligent manner. To ascertain whether [the defendant] acted in such manner, we must examine the guilty plea colloquy. The colloquy must inquire into the following areas: (1) the nature of the charges; (2) the factual basis of the plea; (3) the right to trial by jury; (4) the presumption of innocence; (5) the permissible range of sentences; and (6) the judge's authority to depart from any recommended sentence. This Court evaluates the adequacy of the guilty plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea.

*Id.* at 383–84 (quotation marks and citations omitted).

In the case *sub judice*, the court conducted a guilty plea colloquy.

> The Court: Mr. Fields, I've been informed that you want your case today be resolved not by a trial but by means of an open plea of guilty. An open plea of guilty means that your attorney and the assistant district attorney have not

> reached an understanding with respect to the sentence the D.A. will recommend, so your sentence will be left entirely to the [c]ourt.
>
> Is that your understanding?
>
> [Appellant]: Yes.
>
> The Court: In addition, because of the nature of the crimes in this case, once your guilty plea has been accepted you'll be subject to have a Megan's Law Examination done and a study on Megan's Law.
>
> Do you understand that?
>
> [Appellant]: Yes.

N.T. Guilty Plea Hr'g, 4/19/05, at 2. Appellant stated he was not under the influence of drugs, alcohol, or medication. *Id.* at 3. He had never been treated for a mental illness. *Id.* He understood he had the absolute right to plead not guilty and to go to trial. *Id.*

> The Court: If you did go to trial, you would be presumed to be innocent. That means that the Commonwealth would have the burden of proving that you are guilty. Their burden is to prove that you are guilty beyond a reasonable doubt. A reasonable doubt is the kind of doubt that would cause a reasonable man or woman to pause or hesitate before doing something important in his or her own life such as making the decision to get married, buy a house, undergo serious medical treatment.
>
> Do you understand that?
>
> [Appellant]: Yes.
>
> The Court: If you did go to trial, you would not have to testify, nor would you have to call witnesses, nor would you have to present any evidence at all.

> And if you chose not to testify, not to call witnesses, or not to present evidence, none of those decisions could be held against you.
>
> Do you understand that?
>
> [Appellant]: Yes.
>
> The Court: In addition, you would have the right to confront the witnesses against you if you went to trial. That means that the Commonwealth would have to put its witnesses on the witness stand. You through your attorney would have the right to cross-examine those people in order to test whether they were telling the truth or not, but when you plead guilty, you give up the right to confront or cross-examine the witnesses against you.
>
> All that will happen is that the assistant district attorney will read a summary of the evidence from his file, and neither you nor your attorney will have the opportunity to question the people who gave the D.A. that information.
>
> Do you understand that?
>
> [Appellant]: Yes.

*Id.* at 3-5.

The court explained that if Appellant went to trial he would have the choice to be tried by a jury. *Id.* at 5. Ultimately, a jury of twelve people would be selected. *Id.* at 8. The jury verdict as to guilt or innocence would have to be unanimous or the court would declare a mistrial. *Id.* The court explained to Appellant that he could be tried by a judge sitting without a jury. *Id.* at 9. Appellant indicated in response to the court's inquiry, following each substantive explanation, that he understood what the judge was telling him.

The court detailed the rights that Appellant was giving up by pleading guilty, *e.g.*, the right to file pretrial motions. *Id.* The judge informed Appellant of the possible pretrial motions that could be filed. *Id.* at 10.

> The Court: When you plead guilty, your right to file an appeal is limited to three grounds. The first is that your guilty plea was not made voluntarily. So I'm going to ask you directly.
>
> Are you pleading guilty today voluntarily and of your own free will?
>
> [Appellant]: Yes.
>
> The Court: Has anyone threatened you or forced you in any way to make you plead guilty?
>
> [Appellant]: No.
>
> The Court: Has anyone promised you any benefit that would cause or induce you to plead guilty?
>
> [Appellant]: No.
>
> The Court: Have you discussed with [counsel] this important decision, that is, whether to plead guilty or not guilty in this case?
>
> [Appellant]: Yes.
>
> The Court: Are you satisfied with his advice and representation?
>
> [Appellant]: Yes.
>
> The Court: [Counsel], have you discussed with your client his right to plead not guilty and go to trial?
>
> [Counsel]: Yes, sir.
>
> The Court: Did he seem to you to understand his rights?

- 11 -

[Counsel]: Yes, Your honor.

The Court: Are you satisfied that he is competent and qualified to enter into this open plea of guilty?

[Counsel]: Yes, sir.

The Court: Thank you.

[B]ased on your answers and those of your attorney, I am satisfied that your guilty plea is offered on a voluntary basis; therefore, I believe if you filed an appeal and claimed that your plea today was not made voluntarily, your appeal would not succeed.

Do you understand that?

[Appellant]: Yes.

*Id.* at 10-12. The trial court indicated two other grounds for an appeal following a guilty plea, *viz.*, jurisdiction of the court and legality of the sentence. *Id.* at 12-13.

The Court: When you plead guilty, you give up the right to present to the [c]ourt any evidence you have that relates to excuse, justification, or defense for the conduct that caused you to be arrested.

Do you understand that?

[Appellant]: Yes.

The Court: Are you presently on parole or probation in any other case?

[Appellant]: No.

The Court: If you were, a guilty plea might place you in violation.

Do you understand that?

[Appellant]: Yes.

The Court: And finally, I will inform you that if you are not a citizen of the United States, by pleading guilty you might subject yourself to deportation proceedings.

Do you understand that?

[Appellant]: Yes.

*Id.* at 14-15. The court directed the assistant district attorney to explain the charges and the maximum possible sentences that the court could impose. *Id.* at 15-24. The assistant district attorney read a summary of the evidence. *See id.* at 26-37. Appellant stated that the facts as presented by the assistant district attorney were true. *Id.* at 37-38. The court accepted Appellant's guilty plea. *Id.* at 38.

Appellant cannot show prejudice on the order of manifest injustice, which is required to justify the withdrawal of a guilty plea after sentencing. *See Muhammad*, 794 A.2d at 383-84; *Muntz*, 630 A.2d at 53.

Our independent review of the record reveals no other issues of arguable merit. *See Wimbush*, 951 A.2d at 382. Accordingly, we grant counsel's petition for leave to withdraw and affirm the judgment of sentence.

Counsel's petition for leave to withdraw granted. Judgment of sentence affirmed.

President Judge Emeritus Bender joins the Memorandum.

Judge Olson Concurs in the Result.

- 13 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/19/2016