630 A.2d 51

**COMMONWEALTH of Pennsylvania**

v.

**Robert MUNTZ, Appellant.**

Superior Court of Pennsylvania.

Submitted March 1, 1993.

Filed Aug. 23, 1993.

100

Albert J. Flora, Jr., Wilkes–Barre, for appellant.

Peter Paul Olszewski, Jr., Dist. Atty., Wilkes–Barre, for Com., appellee.

Before MCEWEN, KELLY and HESTER, JJ.

KELLY, Judge.

Appellant, Robert Muntz, asks us to determine whether the trial court erred in denying his oral request to withdraw his guilty plea, made subsequent to initial sentencing but prior to resentencing. We hold that appellant's request for withdrawal must be examined under the post-sentencing standard of "manifest injustice," and affirm the judgment of sentence.

The salient facts and procedural history of this case may be summarized as follows. On February 14, 1991, appellant pled guilty to seven counts of robbery [1] and two counts of simple assault. [2] On May 22, 1991, the trial court sentenced appellant to two (2) consecutive terms of four (4) to eight (8) years and a number of concurrent sentences.

The trial court denied appellant's motion to modify sentence. Appellant filed a timely appeal from his judgment of sentence on June 19, 1991. On March 11, 1992, this Court vacated the first sentence and remanded the matter to the trial court for resentencing.

The trial court held appellant's resentencing hearing on April 15, 1992. At the hearing, prior to resentencing, appellant orally requested permission to withdraw his guilty plea. The trial court denied his request and imposed a sentence of two (2) consecutive terms of three (3) to six (6) years, five (5) concurrent terms of three (3) to six (6) years, and four (4)

1. 18 Pa.C.S.A. § 3701.
2. 18 Pa.C.S.A. § 2701.

terms of one (1) year probation to run consecutively to any parole which may follow from the sentence of incarceration.

In accordance with Rule 321 of the Pennsylvania Rules of Criminal Procedure, appellant moved to challenge the validity of his guilty plea.[3] On April 24, 1992, the trial court denied this motion and re-sentenced appellant accordingly. This timely appeal followed.

■ On appeal, appellant contends that his oral request to withdraw his guilty plea should be considered as a pre-sentence motion for withdrawal. Moreover, appellant asserts that, pursuant to Pa.R.Crim.P. 320,[4] the trial court should have allowed the withdrawal under the pre-sentencing standard of "fair and just reason." Appellant also maintains that the trial court erred by not making an inquiry into his claim of being influenced by mind-altering drugs. Lastly, appellant proposes that the trial court should have granted the withdrawal of the guilty plea because the withdrawal would not substantially prejudice the Commonwealth. We disagree.

A significant distinction exists between a pre-sentence request to withdraw a guilty plea and a post-sentence request to do so. *Commonwealth v. Shaffer*, 498 Pa. 342, 446 A.2d 591 (1982).

3. Pa.R.Crim.P. 321 states:
 **Rule 321. Challenge to Guilty Plea**
 (a) A motion challenging the validity of a guilty plea, or the denial of a motion to withdraw a guilty plea *shall be in writing* and shall be filed with the trial court within ten (10) days after imposition of sentence.
 (b) The motion shall be disposed of promptly.
 (c) The trial court may schedule a hearing on the motion and shall determine whether the motion shall be argued before one judge alone or before a panel of judges sitting as a court *en banc*. Whenever a single judge hears the motion alone, the judge may make any ruling that could be made by a court *en banc*.
 (Emphasis added).

4. Pa.R.Crim.P. 320 states:
 **Rule 320. Withdrawal of Plea of Guilty**
 At any time before sentence, the court may, in its discretion, permit or direct a plea of guilty to be withdrawn and a plea of not guilty substituted.

The standard for allowing withdrawal of a guilty plea *prior to sentence* was articulated in *Commonwealth v. Forbes*, 450 Pa. 185, 191, 299 A.2d 268, 271 (1973) wherein we quoted with approval the following:

> "Before sentence, the court in its discretion may allow the defendant to withdraw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea." ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty ...
>
> Because the plea involves the simultaneous waiver of so many constitutional rights, a request to withdraw prior to sentencing is "liberally allowed." *Id.*, 450 Pa. at 190, 299 A.2d at 271; *see also Commonwealth v. McLaughlin*, 469 Pa. 407, 366 A.2d 238 (1976).
>
> When considering a petition to withdraw a guilty plea submitted to a trial court *after sentencing*, however, it is well-established that "a showing of prejudice on the order of manifest injustice," *Commonwealth v. Starr*, 450 Pa. 485, 490, 301 A.2d 592, 595 (1973), is required before withdrawal is properly justified. (Citations omitted). Post-sentencing attempts to withdraw a guilty plea must sustain this more substantial burden because of the recognition that a plea withdrawal can be used as a sentence-testing device. *Commonwealth v. Starr*, 450 Pa. at 489, 301 A.2d at 594. If a plea of guilty could be retracted with ease after sentencing, the accused might be encouraged to plea guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe.

*Id.* 498 Pa. at 345–46, 446 A.2d at 593.

To support his claim that his oral request should be examined under the pre-sentence standard of "fair and just reason," appellant relies on *Commonwealth v. Carr*, 375 Pa.Super. 168, 543 A.2d 1232 (1988). In *Carr*, toward the beginning of his first sentencing hearing, the appellant orally moved to withdraw his plea before his sentence was imposed. *Id.* at 171, 543 A.2d at 1233. We held:

> While a written motion must be filed within 10 days to challenge the *denial* of a motion to withdraw a plea, Pa. R.Crim.P. 321(a), a written motion is not a prerequisite to a valid exercise of a trial court's discretion to permit or direct the withdrawal of a plea under Pa.R.Crim.P. 320 . . . Consequently, we do not adopt the trial court's alternative reasoning that the post-sentencing standard for withdrawing a guilty plea must be applied because a formal written motion to withdraw the plea was not filed until after sentence was imposed. Though not filed prior to sentencing, appellant's motion was nonetheless made in open court prior to sentence and as such must be reviewed under the pre-sentence standard.

*Id.* at 171–72, 543 A.2d at 1233 (emphasis in original). *See also* Pa.R.Crim.P. 9020(a) (all motions, challenges, and applications or requests for an order or relief shall be by written motion, except as otherwise provided in these rules, or when made in open-court during a trial or hearing).

Although appellant, in the instant case, made his request in open court during a hearing and filed a motion to challenge the validity of his guilty plea in a timely fashion, *Carr* is not analogous to the instant case because, here, appellant petitioned to withdraw his guilty plea only after sentence had been imposed for the first time. Even though appellant made his request before his resentencing, this does not negate the fact that appellant failed to request allowance to withdraw his plea before his original sentencing. Therefore, appellant's request falls under the scrutiny of post-sentencing standard of "manifest injustice" rather than the pre-sentencing standard of "fair and just reason." [5]

5. In addition, we note that, in *Commonwealth v. Middleton*, 504 Pa. 352, 473 A.2d 1358 (1984), the Supreme Court of Pennsylvania held that the pre-sentencing standard applied to appellee's motion to withdraw his guilty plea because a sentence hearing had not convened and because sentence had not been imposed for any of the crimes charged. *Id.* at 355, 473 A.2d at 1359. Unlike *Middleton*, in the instant case, appellant moved for a withdrawal after a sentence hearing was held and sentence imposed, albeit later vacated and remanded for re-sentencing.

In *Commonwealth v. Forbes,* 450 Pa. 185, 299 A.2d 268 (1973), the Supreme Court of Pennsylvania held that a mere claim of innocence constitutes a "fair and just reason" for the pre-sentence withdrawal of a guilty plea unless there is substantial prejudice to the Commonwealth. "The rule in *Forbes* is made, perhaps oversolicitously, in favor of justice, to protect against the possibility that an innocent defendant will erroneously plead guilty." *Commonwealth v. Iseley,* 419 Pa.Super. 364, 375, 615 A.2d 408, 413 (1992). The goal of the rule, however, was not to facilitate "gamesmanship and cyclical manipulation" by an accused. *Id.* at 375, 615 A.2d at 413–14. Therefore, "[a] criminal defendant will not be permitted to play fast and loose with the guilty plea process...." *Commonwealth v. Cole,* 387 Pa.Super. 328, 334, 564 A.2d 203, 206 (1989).

Here, appellant's predicament does not warrant the application of the pre-sentencing standard. Appellant delayed petitioning to withdraw his guilty plea despite his extended opportunity to do so during the three months between his plea and the initial sentencing. His delay in presenting his request until *after* sentence was imposed suggests that appellant was testing the sentencing process. Thus, appellant's postponement warrants the application of the post-sentencing standard to his request to withdraw.[6]

Under the post-sentencing standard, to substantiate a claim that the denial of appellant's motion to withdraw his plea would work a manifest injustice, appellant must show that the plea was involuntary or was entered without knowledge of

---

6. In *Commonwealth v. Flood,* 426 Pa.Super. 555, 627 A.2d 1193 (1993), appellant pled guilty and was sentenced. After sentencing, however, appellant filed a motion to withdraw his plea at which time the trial court vacated the sentence while considering the motion to withdraw. The trial court then denied appellant's motion to withdraw and reimposed his sentence. On appeal, we applied the post-sentencing standard to appellant's contention that the trial court erred in denying his motion to withdraw. Analogously, we conclude that the post-sentencing standard applies in the instant case because the vacating of sentence by this Court does not magically transform appellant's post-sentence request to withdraw his guilty plea into a pre-sentence request.

the charge. *Commonwealth v. Shaffer,* 498 Pa. 342, 347, 446 A.2d 591, 593 (1982). In the instant case, during resentencing, appellant alleged that at or before the time he entered his guilty plea, he was under the influence of mind-altering medication. However, a mere allegation absent supporting evidence, presented after sentencing, does not obligate the trial court to a hearing on the allegation. *See Commonwealth v. Cappelli,* 340 Pa.Super. 9, 20, 489 A.2d 813, 818 (1985). Nor is the trial court obliged to grant appellant's request to withdraw his guilty plea because such bald claims do not rise to the level of "manifest injustice." *See Shaffer, supra.*

Rule 319(a) of the Pennsylvania Rules of Criminal Procedure mandates an on-the-record colloquy, conducted prior to the court's acceptance of a guilty plea.[7]

> A guilty plea must include inquiry as to whether: 1) the defendant understood the nature of the charge to which he is pleading guilty; (2) there is a factual basis for the plea; (3) the defendant understands that he has a right to a jury trial; (4) the defendant understands that he is presumed innocent until he is found guilty; (5) the defendant is aware as to the permissible range of sentences; and (6) the defendant is aware that the judge is not bound by the terms of any plea agreement unless he accepts such agreement.

*Commonwealth v. Cole, supra,* 387 Pa.Super. at 336, 564 A.2d at 206–07 (citing *Commonwealth v. Willis,* 471 Pa. 50, 369 A.2d 1189 (1977)).

 The reason for such a colloquy is to ensure that the defendant tenders the plea knowingly, voluntarily, and intelligently. *Commonwealth v. Sutton,* 474 Pa. 582, 583, 379 A.2d

---

7. Pa.R.Crim.P. 319(a) states:

**Rule 319. Pleas and Plea Agreements**
(a) **Generally.** Pleas shall be taken in open court. A defendant may plead not guilty, guilty, or, with the consent of the court, *nolo contendere.* The judge may refuse to accept a plea of guilty, and shall not accept it unless he determines after inquiry of the defendant that the plea is voluntarily and understandingly tendered. Such inquiry shall appear on the record. If the defendant shall refuse to plead, the court shall enter a plea of not guilty on the defendant's behalf. (Emphasis in original).

107, 108 (1977). Appellant, however, neglected to certify for the record on appeal a copy of his guilty-plea colloquy. Nevertheless, for the purposes of an appeal, it is the responsibility of the appellant to offer a complete record for our review. *Commonwealth v. Feflie,* 398 Pa.Super. 622, 630, 581 A.2d 636, 640 (1990). Where a claim is dependent upon materials not provided in the certified record, that claim is considered waived. *In re D.D.,* 409 Pa.Super. 35, 597 A.2d 648 (1991). Because appellant failed to present the colloquy for our examination, we are unable to effectuate a meaningful appellate review.

Based upon the foregoing analysis, we conclude that appellant's request to withdrawal his plea must be scrutinized under the post-sentencing standard of "manifest injustice." Additionally, because appellant did not provide adequate evidence in the certified record to suggest otherwise, his assertion that the trial court erred by not granting his request to withdraw his guilty plea is waived. Thus, we affirm judgment of sentence.

Judgment of sentence affirmed.