J-S23023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KALEE HILL, | |
| Appellant | No. 1396 EDA 2014 |

Appeal from the Judgment of Sentence Entered April 22, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007848-2011, CP-51-CR-0007855-2011

BEFORE: DONOHUE, SHOGAN, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED MAY 27, 2015**

Appellant, Kalee Hill, appeals from the judgment of sentence entered on April 22, 2014. We affirm.

A prior panel of this Court set forth the relevant facts and procedural history of this case:

> This matter arises following Appellant's entry of an open guilty plea on August 24, 2011, to [three counts of aggravated assault and to one count of persons not to possess firearms.] [O]n June 12, 2011[,] at approximately 9:45 p.m., Appellant was standing near a busy intersection in Philadelphia during which time a car circled the block prior to slowing down in front of him. N.T., 10/26/11, at 18. Appellant took out a gun and opened fire at the vehicle. *Id*. Mr. Raymond Erwin, who was speaking with a friend nearby, was struck by a stray bullet fired from Appellant's gun as was Ms. Mimine Hein, a young woman

---

[*] Retired Senior Judge assigned to the Superior Court.

who was nine months pregnant and in the vicinity to pick up her husband and daughter. *Id*. at 10. The Commonwealth acknowledged that the shooting of Mr. Erwin and Ms. Hein was unintentional, though it also stressed that this did not mitigate the crimes he had committed. *Id*. at 20–21.

Mr. Erwin testified that as a result of the injuries he sustained in the shooting, he had a gastronomy tube implanted for one year, had undergone three surgeries prior to the date of sentencing, and had a fourth surgery scheduled for November 15, 2011. [N.T., 10/26/11,] at 7. Ms. Heim testified that she had been shot in her left arm which rendered her unable to lift it. As a result, she is no longer able to work in the field of hair braiding. *Id*. at 11.

A sentencing hearing was held on October 26, 2011, after which the sentencing court imposed consecutive sentences of ten (10) years to twenty (20) years in prison for each of the Aggravated Assault counts followed by a consecutive sentence of five (5) years to ten (10) years in prison on the firearms charge. [Appellant also received a consecutive term of four (4) years to eight (8) years in prison for a probation violation (VOP).]. The VOP sentence [was] for a prior Possession with Intent to Deliver conviction. . . .

*Commonwealth v. Hill*, 66 A.3d 359, 360-361 (Pa. Super. 2013) ("*Hill 1*").

In that earlier appeal, this Court was unable to discern whether the trial court illegally sentenced Appellant for a probation violation. *Hill 1*, 66 A.3d at 363. Accordingly, we remanded the case to the trial court to determine if Appellant was on probation at the time of his sentencing on October 26, 2011, and if necessary, hold a proper *Gagnon*[1] hearing and resentence Appellant. *Hill 1*, 66 A.3d at 363.

---

[1] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

In a separate but related appeal, Appellant challenged the discretionary aspects of his sentence with respect to the aggregated thirty-five-to-seventy-year sentence imposed for his convictions of aggravated assault and the firearm violation. *Commonwealth v. Hill*, 66 A.3d 365 (Pa. Super. 2013) ("*Hill 2*"). In *Hill 2*, this Court noted:

> We are further troubled by the fact that the sentencing court maintains in its Opinion filed pursuant to Pa.R.A.P. 1925(a) that while Appellant's sentence is within the statutory maximum, it also is "well within the Sentencing Guideline recommendations." Trial Court Opinion, filed 8/1/12, at 3–4 (unnumbered). In reaching this conclusion, the sentencing court misinterprets the numbers in the Sentencing Guidelines therein as representing prison time in terms of years rather than months. Specifically, the sentencing court reasons as follows:
>
>> Here, Appellant has a prior record score of four and Aggravated Assault has an offense gravity score of ten. *See* 18 Pa.C.S.A. § 2702. Therefore, the guidelines call for forty-eight to sixty years' incarceration, and this court sentenced Appellant to thirty to sixty years' imprisonment. Possession of Firearm Prohibited has an offense gravity score of ten. *See* 18 Pa.C.S.A. § 6105. Therefore, the guidelines call for forty-eight to sixty years' incarceration, and this court sentenced Appellant to five to ten years.

*Hill 2*, 66 A.3d at 372-373. This Court was unable to determine if the sentencing court understood the applicable standard and/or aggravated ranges of the Sentencing Guidelines. *Id*. at 373. Thus, we vacated Appellant's sentence and remanded for resentencing. *Id*.

Following our decisions in *Hill 1* and *Hill 2*, which were filed on April 10, 2013, Appellant filed a motion to withdraw his guilty plea on July 18, 2013. Appellant claimed that because this Court vacated the earlier

judgments of sentence, he was actually filing a presentence motion to withdraw. Following a hearing on April 2, 2014, the trial court scheduled a hearing for April 22, 2014, to address the remand orders from this Court and Appellant's motion to withdraw his guilty plea. N.T., 4/2/14, at 4-5; 13-14. At the hearing, the trial court determined that Appellant was not on probation at the time of the original sentence and vacated the four-to-eight-year violation-of-probation sentence. N.T., 4/22/14, at 11-12. The trial court then denied Appellant's motion to withdraw his guilty plea and resentenced Appellant. *Id*. at 11. The court imposed three, consecutive, ten-to-twenty year sentences for the aggravated assault convictions and a consecutive five-to-ten year sentence for the firearm violation, resulting in an aggregate sentence of thirty-five to seventy years. *Id*. at 14.

On May 1, 2014, Appellant filed a timely notice of appeal to this Court. On May 27, 2014, the trial court directed Appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On June 6, 2014, Appellant timely complied and filed his Pa.R.A.P. 1925(b) statement, and the trial court filed its Pa.R.A.P. 1925(a) opinion on July 2, 2014.

In this appeal, Appellant presents one issue for this Court's consideration:

> Whether the lower court abused its discretion in denying Appellant's pre-sentence motion to withdraw [his] guilty plea?

Appellant's Brief at 4.

The Pennsylvania Rules of Criminal Procedure provide that "[a]t any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty." Pa.R.Crim.P. 591(A). "There is no absolute right to withdraw a guilty plea." ***Commonwealth v. Walker***, 26 A.3d 525, 529 (Pa. Super. 2011) (citations omitted). "Nevertheless, prior to the imposition of sentence, a defendant should be permitted to withdraw his plea for **any fair and just reason**, provided there is no substantial prejudice to the Commonwealth." ***Id***. (internal quotation marks and citations omitted) (emphasis added). Conversely, when a defendant attempts to withdraw a guilty plea after sentencing, he must demonstrate prejudice on the order of **manifest injustice** before withdrawal is justified. ***Commonwealth v. Pantalion***, 957 A.2d 1267, 1271 (Pa. Super. 2008) (emphasis added). Manifest injustice may be established if the plea was entered into involuntarily, unknowingly, or unintelligently. ***Id***.

Here, Appellant claims that the liberal pre-sentencing standard of "any fair and just reason" should apply to his request to withdraw his guilty plea as opposed to the post-sentence manifest-injustice standard. Appellant's Brief at 9. We disagree.

In ***Commonwealth v. Muntz***, 630 A.2d 51 (Pa. Super. 1993), a case with a similar procedural history, the appellant pled guilty to seven counts of robbery and two counts of simple assault. ***Id***. at 52. The appellant did not

seek to withdraw his guilty plea prior to sentencing. *Id*. at 54. The trial court sentenced the appellant to an aggregate term of eight to sixteen years in prison. *Id*. at 52. The appellant filed an appeal challenging his prior record score, and a panel of this Court vacated the appellant's sentence and remanded for re-sentencing. *Id*. at 52. Prior to re-sentencing, the appellant moved to withdraw his guilty plea. *Id*. The trial court denied the appellant's motion to withdraw his guilty plea and resentenced him. *Id*. The appellant then filed an appeal to this Court and claimed that his motion to withdraw his guilty plea should have been considered a pre-sentence motion due to the original sentence being vacated and the case remanded. *Id*. at 53. In response to that claim, which mirrors the argument asserted by Appellant in the case at bar, this Court stated as follows:

> [H]ere, appellant petitioned to withdraw his guilty plea only after sentence had been imposed for the first time. Even though appellant made his request before his resentencing, this does not negate the fact that appellant failed to request allowance to withdraw his plea before his original sentencing. Therefore, appellant's request falls under the scrutiny of post-sentencing standard of "manifest injustice" rather than the pre-sentencing standard of "fair and just reason."

*Id*. at 54. We further explained, "the post-sentencing standard applies in the instant case because the vacating of sentence by this Court does not magically transform appellant's post-sentence request to withdraw his guilty plea into a pre-sentence request." *Id*. at 54 n.6.

In the instant case, Appellant did not seek to withdraw his guilty plea prior to the imposition of his initial sentence. Just as in *Muntz*, Appellant

opted to proceed to sentencing, and following the imposition of the initial sentence, he filed an appeal that resulted in this Court vacating the original sentence and directing a remand for resentencing. Thus, pursuant to the holding in *Muntz*, we conclude Appellant's request to withdraw his guilty plea was filed post-sentence.[2]

As noted above, when a defendant seeks to withdraw his guilty plea after sentencing, he must demonstrate prejudice on the order of manifest injustice before withdrawal is justified. *Pantalion*, 957 A.2d at 1271. Manifest injustice may be established if the plea was entered into involuntarily, unknowingly, or unintelligently. *Id*.

Appellant's entire argument is focused on his assertion that the "fair and just" standard for withdrawing a guilty plea pre-sentence should apply. However, we have already concluded that Appellant's motion to withdraw his guilty plea was filed post-sentence, and therefore, the manifest injustice standard applies. As such, Appellant was required to establish that the trial court's denial of his motion amounted to a manifest injustice, but Appellant has failed to even allege manifest injustice. Moreover, as the trial court pointed out, Appellant has made no claim that his plea was involuntary or

---

[2] Appellant disagrees with the holding in *Muntz* and claims that "the logic of the Superior Court in *Muntz,* is wanting." Appellant's Brief at 10. Despite Appellant's protestations, we, as a three-judge panel, may not overrule a prior decision of this Court, and we are bound by *Muntz*. *Commonwealth v. Rabold*, 920 A.2d 857, 861 (Pa. Super. 2007).

unknowingly entered. Trial Court Opinion, 7/2/14, at 3. "Reviewing [Appellant's] claim under the standard of 'manifest injustice' this [c]ourt finds no reason to grant [Appellant's] post-sentencing request to withdraw his guilty plea." *Id*.

We agree with the trial court. Because Appellant has failed to allege, much less prove, manifest injustice, we discern no error or abuse of discretion in the trial court's denial of Appellant's motion to withdraw his guilty plea. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/27/2015