**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| HAITHAM KADHIM AL SIYAMIR | : | No. 933 WDA 2018 |

Appeal from the Order Entered May 25, 2018
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0003288-2017

BEFORE:   BENDER, P.J.E., OTT, J., and STRASSBURGER*, J.

MEMORANDUM BY OTT, J.:                                    **FILED JULY 19, 2019**

The Commonwealth of Pennsylvania appeals[1] from the order entered in the Court of Common Pleas of Erie County, on May 25, 2018, suppressing physical evidence obtained pursuant to the warrantless arrest of Haitham Kadhim Al Siyamir for defiant trespass.[2]  In this timely appeal, the Commonwealth argues the trial court erred in determining Al Siyamir was improperly arrested for defiant trespass and in the alternative, the police properly arrested Al Siyamir for a breach of the peace.  After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

---

* Retired Senior Judge assigned to the Superior Court.
[1] The Commonwealth has properly certified in its notice of appeal, filed June 28, 2018, that the order substantially handicaps the prosecution pursuant to Pa.R.A.P. 311(d).
[2] 18 Pa.C.S. § 3503(b)(1)(i).

We provide a brief recounting of the underlying facts of this matter as found in the trial court's Opinion and Order of May 18, 2018.

Al Siyamir had been subject to a Management Exclusion by the Presque Isle Downs and Casino. Nonetheless, he returned to that location. Two State Troopers approached him and asked him to accompany them to the upstairs offices where he would be issued a summary citation for trespass. Al Siyamir took exception to this and "thrust his middle finger in the face of the trooper"[3] and then told the trooper, "Fuck you."[4] Additionally, Al Siyamir raised his voice, swore some more, and was "running his mouth."[5] Al Siyamir was handcuffed and taken to the offices. While there, one of the troopers claimed to have smelled raw marijuana. He asked Al Siyamir what he had in his left pocket, to which Al Siyamir allegedly replied, "My marijuana."[6] Al Siyamir was searched and marijuana, pills and other drugs were found on his person. He was charged with PWID, defiant trespass, and possession.[7]

Al Siyamir filed a motion to suppress evidence, claiming the physical evidence was fruit of an illegal arrest. After a hearing, the trial court agreed and suppressed the physical evidence. The Commonwealth has appealed.[8]

---

[3] Trial Court Opinion and Order at 1.
[4] *Id.* at 2.
[5] *Id.*
[6] *Id.*
[7] 35 P.S. § 780-113(a)(30), 18 Pa.C.S. § 3503(b)(1)(i), and 35 P.S. § 780-113(a)(16) (3 counts).
[8] We note the Commonwealth does not raise an inevitable discovery argument on appeal.

Before we begin an analysis of this matter, we must note:

It is the responsibility of appellant, not this Court, to provide a complete record for review, including ensuring that any necessary transcripts are included in the official record. ***Commonwealth v. Muntz***, 428 Pa.Super. 99, 630 A.2d 51, 55 (1993). *See also* Pa.R.A.P. 1911, 1921-23; ***Commonwealth v. Presbury***, 445 Pa.Super. 362, 665 A.2d 825, 832-33 (1995), *appeal denied,* 544 Pa. 627, 675 A.2d 1246 (1996) (meaningful review is precluded where transcripts are unavailable, even though both the Commonwealth and appellant cite to the missing transcripts). Failure to provide the necessary materials warrants a finding appellant's claim is waived. ***Muntz***, at 55.

***Commonwealth v. Peifer***, 730 A.2d 489, 492, n. 3 (Pa. Super. 1999).

The Commonwealth has failed to include any notes of testimony from the hearing on the motion to suppress evidence in the certified record. Moreover, there are no citations to the certified record in the discussion of the issues raised in the Commonwealth's appellate brief. **See** Pa.R.A.P. 2119(c), (d) (requiring Appellant to reference the place in the record where relevant evidence may be found). Because there are no notes of testimony to review nor any reference to where relevant facts may be found, we have nothing to review. Accordingly, the Commonwealth's argument is waived. **See Peifer**, **supra**. As such, we affirm the order suppressing the physical evidence.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  7/19/2019