J-S52020-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MELVIN STILLS | : | |
| | : | |
| Appellant | : | No. 1266 EDA 2018 |

Appeal from the PCRA Order April 2, 2018,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0004532-2013.

BEFORE:  OTT, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED MARCH 31, 2020**

Melvin Stills appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

The PCRA court summarized the relevant factual history as follows:

> On January 29, 2013, around 6:00 p.m., Tahir Jackson was walking on Fisher Street in Philadelphia with his girlfriend, Dereka Sowell, and friend James Hargrove when he saw two men riding toward them on bikes.  Mr. Jackson testified that one man was tall, wearing a black jacket and red hoodie, riding a black and silver Mongoose bike, and the other man was shorter, wearing a black hoodie, black jacket and riding a pink and purple child's bike.  Mr. Jackson identified the shorter man as [Stills], and the taller man as codefendant Corey Battle.  [Stills] jumped off his bike, pulled out a black gun, and pointed it at Mr. Hargrove.  Corey Battle approached Mr. Jackson from behind and began to choke him so hard that he was lifted off the ground and couldn't breathe.  Ms. Sowell also testified that [Stills] was the one with the gun and Corey Battle choked Mr. Jackson from behind.  [Stills] told Mr. Hargrove, "whatever you got in your pocket, give it up," then took Mr. Hargrove's cell phone.  [Stills] then pointed the gun at Ms. Sowell and said, "you need to back up before you get shot."  Corey Battle checked Mr. Jackson's pockets, and finding nothing, pushed him to the ground, and grabbed Ms. Sowell.  Mr. Jackson tried to

get up to defend his girlfriend, but [Stills] pointed the gun at him and said, "Stay there. You don't want to get shot." [Stills] stood over Mr. Jackson, a few feet away while pointing the gun directly at him. Both Mr. Jackson and Ms. Sowell testified that [Stills] did not have anything covering his face. After not finding any items on Ms. Sowell, [Stills] and Corey Battle got back on their bikes and rode off.

Mr. Jackson called the police who arrived minutes later. While the victims met with police, [Stills] rode past on his pink and purple child's bike, along with another male. Officer Rosenbaum noticed a bulge on [Stills's] right hip area. Both men fled after the officer tried to stop them, and during the chase, Officer Rosenbaum saw [Stills] discard a firearm from his right hip area, the same area he saw the bulge. Police later recovered the weapon, and identified it as a black Beretta handgun. Mr. Jackson and Ms. Sowell identified [Stills] as the man who robbed them. [Stills] later gave a statement to detectives in which he admitted that he and Corey Battle had robbed the victims at gunpoint.

PCRA Court Opinion, 3/13/19, at 3-4 (citations to the record omitted).

Following a non-jury trial, Stills was found guilty of three counts each of robbery, terroristic threats, and theft by unlawful taking, and one count each of criminal conspiracy, firearms not to be carried without a license, carrying firearms on public streets or public property in Philadelphia, and persons not to possess firearms.[1] On August 7, 2014, Stills was sentenced to an aggregate sentence of fifteen to thirty years of incarceration, followed by twelve years of probation. This Court affirmed the judgment of sentence. *See Commonwealth v. Stills*, 136 A.3d 1026 (Pa. Super. 2016) (unpublished memorandum).

---

[1] *See* 18 Pa.C.S.A. §§ 3701, 2706, 3921, 903, 6106, 6108, 6105.

- 2 -

On September 9, 2016, Stills filed a *pro se* PCRA petition. The PCRA court appointed Stills counsel, who filed an amended petition. The Commonwealth filed a motion to dismiss, after which Stills filed a supplement to his petition. The PCRA court filed a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing, to which Stills filed a response. On April 2, 2018, the PCRA court entered an order dismissing Stills' PCRA petition. Stills filed a timely notice of appeal, and both Stills and the PCRA court complied with Pa.R.A.P. 1925.

Stills raises the following issues for our review:

1. Did the [PCRA] court err when it dismissed [Stills' PCRA] petition without an evidentiary hearing?

2. Did the [PCRA] court err when it dismissed as meritless [Stills'] claim that trial/appellate counsel was ineffective for failing to identify the correct subsection of the robbery statute that formed the basis of the charge and conviction?

3. Did the [PCRA] court err when it dismissed as meritless [Stills'] claim that trial/appellate counsel was ineffective for failing to move for an acquittal due to the evidence not being sufficient to meet the burden of robbery with infliction of serious bodily injury?

4. Did the [PCRA] court err when it dismissed as meritless [Stills'] claim that trial/appellate counsel was ineffective for failing to identify the correct subsection of robbery that the conspiracy reflected?

5. Did the [PCRA] court err when it dismissed as meritless [Stills'] claim that trial/appellate counsel was ineffective for failing to move for an acquittal due to the evidence not being sufficient [to] show a conspiracy to commit a robbery with the infliction of serious bodily injury?

6. Did the [PCRA] court err when it dismissed as meritless [Stills']
claim that trial/appellate counsel was ineffective for failing to
properly execute the direct appeal due to misunderstanding his
client's robbery charge and conviction, among other errors?

7. Did the [PCRA] court err when it dismissed as meritless [Stills']
claim that trial/appellate counsel was ineffective for failing to
properly execute the direct appeal due to misunderstanding his
client's conspiracy charge and conviction?

Stills's Brief at 2-3 (issues reordered for ease of disposition).[2]

When addressing a challenge to the dismissal of a PCRA petition, our

standard of review is as follows:

> We review an order dismissing a petition under the PCRA in
> the light most favorable to the prevailing party at the PCRA level.
> This review is limited to the findings of the PCRA court and the
> evidence of record. We will not disturb a PCRA court's ruling if it
> is supported by evidence of record and is free of legal error. This
> Court may affirm a PCRA court's decision on any grounds if the
> record supports it. Further, we grant great deference to the
> factual findings of the PCRA court and will not disturb those
> findings unless they have no support in the record. However, we
> afford no such deference to its legal conclusions. Where the
> petitioner raises questions of law, our standard of review is *de
> novo* and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations

omitted)

Additionally, when a petitioner alleges trial counsel's ineffectiveness in

a PCRA petition, he must prove by a preponderance of the evidence that his

---

[2] Regarding Stills' first issue, he concedes that the PCRA court did not err in
determining that no evidentiary hearing was warranted since there is no
dispute that Stills' counsel misapprehended the correct subsection of the
robbery statute that was indicated on the criminal information. **See** Stills'
Brief at 11. Thus, we need not address the issue.

conviction or sentence resulted from ineffective assistance of counsel "which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). The petitioner must demonstrate:

> (1) that the underlying claim has arguable merit; (2) that no reasonable basis existed for counsel's actions or failure to act; and (3) that the petitioner suffered prejudice as a result of counsel's error. To prove that counsel's chosen strategy lacked a reasonable basis, a petitioner must prove that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. Regarding the prejudice prong, a petitioner must demonstrate that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. Counsel is presumed to be effective; accordingly, to succeed on a claim of ineffectiveness[,] the petitioner must advance sufficient evidence to overcome this presumption.

***Commonwealth v. Johnson***, 139 A.3d 1257, 1272 (Pa. 2016) (internal citations and quotation marks omitted). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. ***Commonwealth v. Martin***, 5 A.3d 177, 183 (Pa. 2010).

As all of Stills' issues of trial counsel ineffectiveness are related, we will address them together. In his second, third, fourth and fifth issues, Stills contends that trial counsel was ineffective for misapprehending the specific subsection of the robbery statute under which Stills was charged. According to Stills, the criminal information, trial disposition form, order of sentence, and all dockets indicate that he was charged with three counts of robbery under

18 Pa.C.S.A. § 3701(a)(1)(i), which provides, in relevant part, that "[a] person is guilty of robbery if, in the course of committing a theft, he . . . inflicts serious bodily injury upon another[.]" Yet, trial counsel proceeded as if Stills had been charged under subsection (a)(1)(ii), which provides "[a] person is guilty of robbery if, in the course of committing a theft, he . . . threatens another with or intentionally puts him in fear of immediate serious bodily injury[.]" In other words, Stills was charged with actually committing serious bodily injury during the theft, yet his counsel proceeded as if he was charged with only threatening serious bodily injury during the theft.

Stills claims that trial counsel failed to read the docket or the information to ascertain the specific robbery charge lodged against him, and never raised the issue of a lack of serious bodily injury at the preliminary hearing. Stills argues that his conviction under § 3701(a)(1)(i) is not supported by the evidence because no one was ever seriously injured. He claims that one complainant stated that she was not injured, and the other complainant testified that he was briefly put in a choke hold by Stills' co-defendant, but never stated that he was seriously injured. Stills contends that trial counsel was ineffective for failing to move for an acquittal when the evidence failed to show serious bodily injury.

For the same reasons, Stills contends that trial counsel was ineffective for failing to apprehend that the conspiracy charge brought against him was linked to the charges of robbery with infliction of serious bodily injury under

§ 3701(a)(1)(i). He claims that the Commonwealth was required to prove that he and his co-defendant had a shared criminal objective to inflict serious bodily injury during the course of a theft. Stills argues that, based on the complainants' testimony, no one was seriously injured. Stills therefore claims that trial counsel was ineffective for failing to move for an acquittal because the evidence was insufficient to prove the conspiracy charge.

Here, the PCRA court acknowledged that trial counsel failed to recognize that the facts surrounding Stills' crimes did not match the subsection of the robbery statute listed on the criminal information (*i.e.*, § 3701(a)(1)(i)). However, it nevertheless determined that Stills' claims of trial counsel's ineffectiveness lack merit because he failed to establish the prejudice prong of the ineffectiveness test. The PCRA court determined that, had trial counsel recognized the error at any time prior to the rendering of a verdict, the trial court would have permitted the Commonwealth to amend the information to list the correct subsection of the robbery statute (*i.e.*, § 3701(a)(1)(ii)),[3] pursuant to Pa.R.Crim.P. 564.[4] In reaching that conclusion, the PCRA court reasoned as follows:

---

[3] Both subsections 3701(a)(1)(i) and 3701(a)(1)(ii) are graded as felonies of the first-degree.

[4] Rule 564 provides, in relevant part: "The court may allow an information to be amended, provided that the information as amended does not charge offenses arising from a different set of events and that the amended charges

Keeping in mind that the purpose of Rule 564 is to place a defendant on notice regarding his alleged criminal conduct so he has a fair opportunity to prepare a defense, [Stills'] arguments of ineffectiveness fail. Yes, a mistake was made as to the subsection of the robbery statute, but to offer [Stills] relief on that basis, under the facts of this case, would be to elevate form over substance.

Factors to consider in determining whether a defendant was prejudiced by an amendment include:

(1) whether the amendment changes the factual scenario supporting the charges; (2) whether the amendment adds new facts previously unknown to the defendant; (3) whether the entire factual scenario was developed during a preliminary hearing; (4) whether the description of the charges changed with the amendment; (5) whether a change in defense strategy was necessitated by the amendment; and (6) whether the timing of the Commonwealth's request for amendment allowed for ample notice and preparation.

*Com. v. Grekis*, 411 Pa. Super. 513, 601 A.2d 1284, 1292 (1992).

Applying the instant set of facts to the above factors it is clear that [Stills] was not prejudiced by the error of subsection because (1) the factual scenario supporting the charges never changed; (2) no new facts were added that were previously unknown to [Stills]; (3) the entire factual scenario was developed not only during a preliminary hearing, but also through the discovery that was turned over to [Stills] on May 21, 2013 and included police interviews with each of the three victims, in addition to Corey Battle and [Stills]; (5) the Commonwealth tried the case, and [Stills] defended the case as if the bills of information had already been amended to reflect [18 Pa.C.S.A. § 3701(a)(1)(ii), which is the subsection of the robbery statute which requires] a threat of serious bodily injury; and (6) it is immaterial that the Commonwealth failed to amend the information, as [Stills] had ample notice and preparation that the case was about him threatening serious bodily harm, as not only

---

are not so materially different from the original charge that the defendant would be unfairly prejudiced."

were those the facts at the preliminary hearing, and in the discovery, but he was also charged with terroristic threats. So even if the court found that subsection (a)(1)(i) was materially different than subsection(a)(1)(ii), [Stills] still cannot show prejudice because he was placed on notice regarding his alleged criminal conduct, and had a fair opportunity to prepare a defense.

In this instance, had counsel caught the error in subsection, this [c]ourt would have allowed the Commonwealth to change the information based on the above analysis. This would have corrected a technical error, but would not have changed the outcome of the trial. If defense counsel had moved for an acquittal on that basis, this [c]ourt would have denied that motion, and allowed the Commonwealth to amend the information, based on the above analysis.

PCRA Court Opinion, 3/13/19, at 7-9. The PCRA court similarly determined that any pre-verdict challenge by trial counsel to the conspiracy charge would have failed since Stills "was not misled as to the charges against him, not precluded from anticipating the Commonwealth's proof, and no substantial right was impaired." *Id*. at 9-10.

The record supports the PCRA court's determination that Stills failed to demonstrate that he was prejudiced by trial counsel's failure to seek an acquittal on the basis that the evidence did not establish that he inflicted serious bodily injury or conspired to inflict serious bodily injury. The record also supports the PCRA court's determination that, had trial counsel raised the issue, the trial court would have permitted the Commonwealth to amend the criminal information to reflect the correct subsection of the robbery statute. Such an amendment would have been appropriate because Stills was afforded abundant notice from the outset of the criminal proceedings that the evidence

supported a finding that he had conspired with his co-defendant to threaten the victims with serious bodily injury and had, in fact, threatened them with serious bodily injury. Thus, Stills' claims pertaining to trial counsel's ineffectiveness entitle him to no relief.

However, Stills additionally disputes the PCRA court's dismissal of his claims that appellate counsel was ineffective. Stills points out that his trial counsel also represented him in his direct appeal. According to Stills, direct appeal counsel continued to identify and argue the wrong subsection of the robbery statute in his appellate filings. Stills claims that, had appellate counsel argued sufficiency under the correct robbery subsection on direct appeal, this Court would have recognized that the evidence was insufficient to support Stills' robbery and conspiracy convictions due to a lack of serious bodily injury. Thus, Stills claims that his direct appeal counsel effectively denied Stills appellate review of his convictions.[5]

---

[5] Stills also argues that appellate counsel offered no argument on the second issue he raised on direct appeal, resulting in waiver of that issue. Stills' Brief at 15. Stills does not identify in his PCRA appellate brief, the second issue raised in his direct appeal; however, our review discloses that the second issue that appellate counsel raised in Stills' direct appeal challenged the identity of the perpetrator. **See Stills**, 136 A.3d 1026 (unpublished memorandum at *1). This particular claim of ineffectiveness is not properly before us in this appeal, as it was not raised in Stills' concise statement or identified in his statement of questions presented. **See Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) (holding that if an appellant is directed to file a concise statement of matters to be raised on appeal pursuant to Pa.R.A.P. 1925(b), any issues not raised in that statement are waived); **see also** Pa.R.A.P. 302(a) (providing that issues not raised in the lower court are waived and

Notably, the certified record does not contain copies of the filings authored by appellate counsel in Stills' direct appeal. *See Commonwealth v. Muntz*, 630 A.2d 51, 55 (Pa. Super. 1993) (for the purposes of an appeal, it is the responsibility of the appellant to offer a complete record for our review). Based on our precedent, where a claim is dependent upon materials not provided in the certified record, that claim is considered waived. *Id*. Here, Stills failed to present the filings made by direct appeal counsel to the PCRA court, and to ensure that those filings were made part of the PCRA court record. Accordingly, his ineffectiveness claim pertaining to direct appeal counsel is waived.[6]

_____

cannot be raised for the first time on appeal); *See* Pa.R.A.P 2116(a) (providing that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").

[6] Importantly, the appellate brief filed by direct appeal counsel was only filed in this Court in connection with Stills' direct appeal. It had never been filed in the lower court, and thus was not reflected on the lower court docket. As such, it was incumbent upon Stills to present that filing to the PCRA court in support of his ineffectiveness claim when he filed his PCRA petition, and then to ensure that that a copy of that filing was made a part of the PCRA court record below. Notably, Stills belatedly recognized this omission *after* filing an appeal of the PCRA court's denial of relief. During the pendency of this appeal, he requested leave to supplement the certified record with a copy of the brief filed by direct appeal counsel. We properly denied his request because the brief had never been presented to the PCRA court, nor made a part of the PCRA court record. *See* Pa.R.A.P. 1921 (providing that "[t]he original papers and exhibits filed in the lower court . . . and a certified copy of the docket entries prepared by the clerk of the lower court shall constitute the record on appeal in all cases."). Because direct appeal counsel's brief was not presented to the PCRA court, or included in any filing in the PCRA court, we may not consider it in this appeal. *See id*.; *see also Commonwealth v.*

Order affirmed.

Judge McLaughlin joins this memorandum.

Judge Ott did not participate in this memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/31/2020

---

***Bracalielly***, 658 A.2d 755, 763 (Pa. 1995) (holding that "appellate courts may only consider facts which have been duly certified in the record on appeal").