**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES ALLEN DAVIS | : | |
| | : | |
| Appellant | : | No. 1319 MDA 2018 |

Appeal from the Judgment of Sentence Entered July 18, 2018,
in the Court of Common Pleas of Lackawanna County,
Criminal Division at No(s):  CP-35-CR-0001537-2015,
CP-35-CR-0001543-2015, CP-35-CR-0002227-2015.

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES ALLAN DAVIS | : | |
| | : | |
| Appellant | : | No. 1902 MDA 2019 |

Appeal from the Judgment of Sentence Entered July 18, 2018,
in the Court of Common Pleas of Lackawanna County,
Criminal Division at No(s):  CP-35-CR-0001543-2015.

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES ALLEN DAVIS | : | |
| | : | |
| Appellant | : | No. 1903 MDA 2019 |

Appeal from the Judgment of Sentence Entered July 18, 2018,
in the Court of Common Pleas of Lackawanna County,
Criminal Division at No(s):  CP-35-CR-0002227-2015.

BEFORE:   KUNSELMAN, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED NOVEMBER 05, 2020**

James Allen Davis appeals from the judgment of sentence entered following his guilty plea.  He challenges the trial court's denial of his motion to withdraw his guilty plea.  After review, we affirm.

The relevant facts and procedural history follow.  On November 5, 2015, Davis entered a guilty plea to one count of DUI—controlled substance, second offense at docket no. 1537-2015; one count of DUI—controlled substance, third offense at docket no. 1543-2015; and, one count each of DUI—controlled substance, fourth offense, and retail theft at docket no. 2227-2015.[1]  These charges arose between January and August of 2015 when Davis was operating a vehicle on three separate occasions while under the influence of oxycodone, clonazepam, alprazolam and/or morphine, and when he committed a theft at a drug store.  At the time of his DUIs, the police told Davis that if he did not submit to a blood test, he would be subject to additional criminal penalties.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 3802(d)(2),  § 3802(d)(1)(ii), § 3802(d)(2), and 18 Pa.C.S.A. 3929(a)(1)

Davis agreed and the police obtained the blood tests from Davis without a warrant.

Additionally, on November 20, 2015, Davis pled guilty to one count of conspiracy to commit theft,[2] at docket no. 1890-2014. These charges arose on August 12, 2014, when Davis and another individual stole 300 railroad plates from the Canadian Pacific Railroad.

On February 3, 2016, the trial court sentenced Davis to an aggregate term of 45 days to five years of incarceration for his DUI and retail theft offenses. Davis did not file timely direct appeals from his judgment of sentence. The court also sentenced him to one year of special probation, consecutive to the other sentences, on the conspiracy conviction.

On August 9, 2016, Davis filed a motion to correct his sentence/petition under the Post-Conviction Relief Act in the conspiracy-theft (docket no. 1890-2014). The court construed it as a PCRA petition, and appointed counsel who subsequently withdrew. The Commonwealth filed an answer and motion to dismiss.

On January 24, 2017, Davis filed, *pro se*, an "objection to notice of intent to dismiss" in all four cases. On January 31, 2017, the court issued a memorandum and notice of intent to dismiss Davis' PCRA petition filed in the conspiracy case. In response, on February 15, 2017, Davis filed an objection in that case, as well as the DUI cases, challenging his sentences on various

---

[2] 18 Pa.C.S.A. § 903.

grounds. Ultimately, the court dismissed Davis' petition on February 27, 2017; Davis appealed.

On appeal, this Court affirmed the trial court's order regarding Davis' conspiracy conviction (docket no. 1890-20145), but concluded that the court should have treated Davis' objection filed on January 24, 2017, as his first PCRA petition and appointed him counsel for the three DUI cases. *Commonwealth v. Davis*, 528 MDA 2017 at *13 (Pa. Super. 2017). We therefore vacated the PCRA orders relating to Davis' DUIs (docket nos. 1537-2015, 1543-2015 and 2227-2015) and remanded to the court for appointment of counsel and further proceedings. *Id.*

On April 27, 2018, after appointment of counsel and a PCRA hearing, the court vacated Davis' sentences for his DUI convictions. The court ordered Davis to complete a drug and alcohol assessment and scheduled his resentencing hearing for July 18, 2018.

A few days before the hearing, on July 11, 2018, Davis filed a motion to withdraw his guilty pleas. At the hearing, the court denied Davis' motion to withdraw his pleas, and resentenced Davis to an aggregate sentence of 1 to 5 years of incarceration.

Davis appealed seeking review of the trial court's denial of his motion to withdraw his guilty pleas. However, because a notice of appeal was filed in only one of his DUI cases (docket no. 1537-2015), and not the others, this Court concluded that Davis' appeal did not comply with *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018) (requiring separate notices to be filed when

a single order resolves issues arising on more than one lower court docket). We therefore quashed his appeal, noting that Davis may be entitled to collateral relief. ***Commonwealth v. Davis***, 1319 MDA 2018 at *4 (Pa. Super. 2019).

On October 22, 2019, the trial court held a hearing and found that there was a breakdown in the system, which caused Davis to file only one notice of appeal for cases on multiple dockets. Consequently, the court reinstated Davis' appeal in the two DUI cases at docket nos. 1543-2015 and 2227-2015, *nunc pro tunc*.

Davis timely filed notices of appeal at Lackawanna County docket nos. 1543-2015 and 2227-2015, and an amended notice at docket no. 1537-2015. Although the trial court ordered Davis to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), no new statement was filed.[3]

---

[3] Pa.R.A.P. 1925(c)(3) provides:

> If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a statement nunc pro tunc and for the preparation and filing of an opinion by the judge.

Because counsel filed a concise statement relating to all three DUI cases in the previous appeal, we do not find that counsel was *per se* ineffective for failing to file another concise statement. Likewise, we do not find Davis' issue waived for failure to file another concise statement since his issue was previously raised, and his prior appeal was quashed due to a procedural defect.

Davis raises the following single issue on appeal:

1. Did the lower court abuse its discretion in denying Davis' pre-sentence motion to withdraw his guilty plea?

Davis' Brief at 2.

In reviewing the denial of a pre-sentence motion to withdraw a guilty plea, we recognize that at "any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty."  Pa.R.Crim.P. 591(A).

> The Supreme Court of Pennsylvania [has] clarified the standard of review for considering a trial court's decision regarding a defendant's ***pre-sentence*** motion to withdraw a guilty plea:
>
>> Trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and ***any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth***.
>
> ***Commonwealth v. Carrasquillo***, [] 115 A.3d 1284, 1285, 1291-92 (2015) (holding there is no *per se* rule regarding pre-sentence request to withdraw a plea, and bare assertion of innocence is not a sufficient reason to require a court to grant such request).

***Commonwealth v. Davis***, 191 A.3d 883, 888-89 (Pa. Super. 2018), *appeal denied*, 200 A.3d 2 (2019).

> [A] defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea.  More broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the

circumstances, such that permitting withdrawal of the plea would promote fairness and justice.

***Carrasquillo,*** 115 A.3d at 1292 (internal citation omitted). We will disturb a trial court's decision on a request to withdraw a guilty plea only if we conclude that the trial court abused its discretion. ***Commonwealth v. Gordy***, 73 A.3d 620, 624 (Pa. Super. 2013).

Conversely, when a defendant attempts to withdraw a guilty ***plea after sentencing***, he or she ***must demonstrate prejudice on the order of "manifest injustice"*** before withdrawal is justified. ***Commonwealth v. Pantalion***, 957 A.2d 1267, 1271 (Pa. Super. 2008) (emphasis added). Manifest injustice may be established if the plea was entered into "***involuntarily, unknowingly, or unintelligently***." ***Id.***

Davis claims that the trial court erred in denying his "pre-sentence motion" to withdraw his guilty plea by misapplying the standard for evaluating such a motion. Specifically, Davis argues that he demonstrated "a colorable claim of innocence that would promote fairness and justice[]" warranting the withdrawal of his plea. Davis' Brief at 9. Because Davis now could seek suppression of his warrantless blood draw pursuant to ***Birchfield v. North Dakota***, --- U.S. ---, 136 S.Ct. 2160, 195 L.Ed.2d 560 (2016), decided after the entry of his guilty pleas, the Commonwealth would have little evidence to successfully prosecute him. ***Id.*** Davis maintains that this was a sufficient basis for the court to grant his motion.

Additionally, he argues that the trial court abused its discretion when it concluded that the Commonwealth would be prejudiced if Davis withdrew his guilty plea. According to Davis, this was mere speculation; the record did not reflect a material change in circumstances to cause the Commonwealth substantial prejudice. *Id.* at 10. For these reasons, Davis maintains that the trial court should have granted his motion to withdraw his guilty pleas. *Id.* at 5.

In denying Davis' request to withdraw his guilty pleas, the trial court did not apply the pre-sentence standard for reviewing motions to withdraw. Instead, it reviewed Davis' motion in accordance with the post-sentence standard. Under the circumstances of this case, we conclude that the trial court did not abuse its discretion in applying this standard.

This Court has previously determined that the timing of the request to withdraw a guilty plea is critical. Once a defendant has been sentenced, and if that sentence was vacated, courts should apply the post-sentence standard. In **Commonwealth v. Muntz**, 630 A.2d 51 (Pa. Super. 1993), Muntz pled guilty to several offenses, and was sentenced. Prior to sentencing, Muntz did not seek to withdraw his guilty pleas, he appealed challenging his sentence on the basis of his prior record score. On appeal, this Court vacated Muntz' sentence and remanded for re-sentencing. Prior to resentencing, Muntz moved to withdraw his guilty plea, which the court denied and resentenced him. Muntz again appealed to this Court claiming that the trial court should have considered his motion to withdraw his guilty plea as a pre-sentence

motion since the original sentence was vacated, and he sought to withdraw prior to resentencing. We concluded that, because Muntz did not seek to withdraw his guilty plea prior to his original sentencing, but only before resentencing, his request fell under "the scrutiny of the post-sentencing standard of 'manifest injustice' rather than the pre-sentencing standard of 'fair and just reason.'" *Id.* at 54. Vacating a defendant's sentence "does not magically transform a defendant's post-sentence request to withdraw his guilty plea into a pre-sentence request." *Id.* at 54 n. 6.

Similarly, in these cases, Davis did not seek to withdraw his guilty pleas prior to his original sentencing. Rather, he only moved to withdraw his guilty plea after the court vacated his DUI sentences and before it resentenced him. Consequently, under *Muntz*, the post-sentencing standard for withdrawal of a guilty plea applies in these cases.

As noted above, when a defendant seeks to withdraw his guilty plea after sentencing, he must demonstrate prejudice on the order of manifest injustice before withdrawal is justified. *Pantalion*, 957 A.2d at 1271. Manifest injustice may be established if the plea was entered into involuntarily, unknowingly, or unintelligently. *Id.* We therefore consider the trial court's denial of Davis' motion with this standard in mind.

Here, Davis claimed that the 'fair and just" standard applied, and therefore did not address whether his plea was entered into involuntarily, unknowingly, or unintelligently. Even if he had, as observed by the trial court, this Court has held that "*Birchfield* does not render a defendant's guilty plea

retroactively involuntary or otherwise effect a manifest injustice entitling him to withdraw a plea." Trial Court Opinion, 10/4/18, at 6 (citing **Commonwealth v. Kehr**, 180 A.3d 754 (Pa. Super. 2018). Consequently, because Davis failed to allege and prove manifest injustice, we discern no error or abuse of discretion with the trial court's denial of Davis' motion to withdraw his guilty plea.[4] Accordingly, we affirm Davis' judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/5/2020

---

[4] Because we conclude that the post-sentence standard applies, we need not address Davis' issue regarding whether the Commonwealth was prejudiced as it relates to the pre-sentence standard, since that standard does not apply here.